HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAYTON HOFFMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF TACOMA, DEPARTMENT OF TACOMA PUBLIC UTILITIES, TACOMA RAIL, a municipal corporation,<br><br>　　　　　Defendants and Third Party Plaintiffs,<br><br>　　v.<br><br>PORT OF TACOMA, a municipal corporation,<br><br>　　　　　Third Party Defendant. | Case No. C06-5008 RBL<br><br>ORDER APPROVING REASONABLENESS OF SETTLEMENT BETWEEN PLAINTIFF HOFFMAN AND THIRD PARTY DEFENDANT PORT OF TACOMA |

**I. INTRODUCTION**

THIS MATTER comes before the Court on Plaintiff Hoffman's Motion for Determination of Reasonableness of Settlement. Hoffman and Third Party Defendant Port of Tacoma ask this Court to find that the proposed settlement between Hoffman and Port of Tacoma is reasonable and dismiss Port of Tacoma with prejudice and without costs to any party. Further, Hoffman and Port of Tacoma ask this Court to dismiss with prejudice all third party cross-claims Defendant/Third Party Plaintiff Tacoma Rail has

against Port of Tacoma. In response, Tacoma Rail asks this Court to find that the settlement between Hoffman and Port of Tacoma is unreasonable. The Court has reviewed the materials submitted in support of, and in opposition to, the Motion for Determination of Reasonableness of Settlement. For the following reasons, the Motion is GRANTED.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 2004, Plaintiff Hoffman was working as a conductor's field man for Tacoma Rail at Port of Tacoma's North Intermodal (NIM) yard. Hoffman's duties included getting trains ready, putting them together, and protecting crossings or "breaks" in the track. To accomplish these duties, he used a Tacoma Rail F-350 truck.

For Tacoma Rail employees and trains to enter Port of Tacoma's NIM yard, the Tacoma Rail yardmaster contacts the Port of Tacoma Railcar Coordinator. The Coordinator communicates to Port of Tacoma personnel via radio that the train is coming and which tracks it will be using. However, there is no direct line of communication between those employees working for Tacoma Rail in the NIM yard and Port of Tacoma straddle carrier drivers working the the NIM yard.

During the evening of October 13, 2004,[1] Hoffman was assigned to build a train. Hoffman was accustomed to looking for straddle carrier drivers while he built trains, as strad drivers have a history of "darting" in between the tracks. After Hoffman finished assembling the train, Hoffman gave the engineer approval to pull the train, and Hoffman began turning to travel in the opposite direction to check on certain cars. As he made the U-turn in the F-350 truck, he was struck by a strad operated by a Port of Tacoma employee. Hoffman was injured as a result of the collision and subsequently filed a complaint against Tacoma Rail, the City of Tacoma, and the Department of Tacoma Public Utilities (collectively referred to herein as "Tacoma Rail") in Pierce County Superior Court. Hoffman alleged that Tacoma Rail violated the Federal Employers' Liability Act (FELA). Hoffman did not bring a cause of action against Port of Tacoma.

---

[1] Plaintiff Hoffman claims the accident occurred on October 13, 2004, whereas Defendant Tacoma Rail claims the accident occurred October 14, 2004.

ORDER
Page - 2

Tacoma Rail removed the case to U.S. District Court for the Western District of Washington.[2] Tacoma Rail then filed a third party complaint against Port of Tacoma for negligence in relation to Hoffman's collision. Tacoma Rail asserted that it was entitled to indemnification and contribution from Port of Tacoma due to Port of Tacoma's negligence that led to Hoffman's accident and that Port of Tacoma's negligence caused damage to Tacoma Rail's property.

Although Hoffman has not brought a cause of action against Port of Tacoma, Port of Tacoma has offered Hoffman $20,000.00 in exchange for a release, which Hoffman accepted. Hoffman has stated he will voluntarily dismiss his current FELA action against Tacoma Rail and re-file it in superior court under the provisions of the Superior Court Mandatory Arbitration.

### III. ANALYSIS

To determine whether the proposed settlement is reasonable under RCW 4.22.060, the Court must evaluate the following:

(1) the releasing person's damages;
(2) the merits of the releasing person's liability theory;
(3) the merits of the released person's defense theory;
(4) the released person's relative faults;
(5) the risks and expenses of continued litigation;
(6) the released person's ability to pay;
(7) any evidence of bad faith, collusion, or fraud;
(8) the extent of the releasing person's investigation and preparation of the case; and
(9) the interests of the parties not being released.

*Glover v. Tacoma General Hosp.*, 98 Wash. 2d 708, 717-18, 658 P.2d 1230 (1983). No one factor is dispositive. *Id.* at 718. Applying the relevant factors to this case,[3] the Court finds that the settlement is

---

[2] All parties now concede the case should not have been removed to federal court. Although this Court had original jurisdiction over the action, as Hoffman alleged violations of FELA, a statute which explicitly provides jurisdiction for federal courts, Congress made this type of action non-removable. See 28 U.S.C. § 1445 (a), which states, "A civil action in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. 51-54, 55-60) may not be removed to any district court of the United States."

[3] Not all of the enumerated factors are applicable to the present case. Because Hoffman has not asserted a cause of action against the Port of Tacoma, Factors 2 and 3, which address the releasing person's liability theory and the released person's defense theory, are inapplicable; Hoffman does not have a liability theory against Port of Tacoma, and Port of Tacoma does not have a defense theory against Hoffman. Similarly, Factor 6, which addresses the released person's ability to pay, is inapplicable, as there are no allegations regarding Port of Tacoma's ability or inability to pay either the proposed settlement or more than the proposed settlement. Factor 8, which addresses the extent of the releasing person's investigation and preparation of the case, is similarly inapplicable. Hoffman does not address this factor in his motion, and Tacoma Rail concedes that Hoffman and Port of Tacoma have adequately investigated and prepared for the case.

reasonable.

Factor 1: The releasing person's damages. Hoffman's medical bills total $13,098.00. Additional damages include lost wages of $7800.00 and $4619.00 for "arbitraries," the differential between the regular and foreman's rate of pay, and a bonus. Hoffman also claims damages for loss of sick leave, no accrual of sick and vacation pay from October 15, 2004, through January 23, 2005, loss of three personal paid days leave, and loss of Railroad Retirement Board credits, although he does not specify a monetary value of these losses. Thus, the total of Hoffman's special damages is in excess of $25,517.00. Given that Port of Tacoma has offered to pay Hoffman $20,000.00, or nearly 80% of Hoffman's special damages, this factor supports the Court's finding that the settlement is reasonable.

Factor 4: The released person's relative faults. It is unclear to what degree Port of Tacoma's alleged negligence contributed to Hoffman's injury. Hoffman focuses on the fact that his employer, Tacoma Rail, had a non-delegable duty to provide him with a safe work environment. However, this does not address the question of whether or how the Port of Tacoma's actions (or lack thereof) led to Hoffman's injury. Tacoma Rail argues that the opinion of Plaintiff's liability expert, Paul F. Byrnes, proves that Port of Tacoma was actually responsible for the accident. Byrnes stated in his opinion that the strad should not have been operating in the area where the collision occurred, as there is a high potential for collisions when strads and other equipment are operating on tracks adjacent to tracks where trains are operating. However, Byrnes also stated that Tacoma Rail, the entity providing rail service at NIM yard, should "demand that the rule prohibiting movement of strads on or near tracks where Tacoma Rail is working and tracks adjacent thereto is enforced" by Port of Tacoma.

Given that Port of Tacoma likely bears some, but not all, of the responsibility for the collision, the settlement between Hoffman and Port of Tacoma for $20.000.00, or nearly 80% of Hoffman's enumerated special damages, is reasonable.

Factor 5: The risks and expenses of continued litigation. Because Hoffman has not brought a cause of action against Port of Tacoma, there will be no direct reduction in the amount of litigation if the Court finds that the settlement is reasonable. Hoffman retains his claim against Tacoma Rail under FELA, and Tacoma Rail retains its claim against Port of Tacoma for negligence. Although Hoffman, Tacoma Rail, and Port of Tacoma have agreed to arbitrate the remaining issues, any of these parties who may be unsatisfied

ORDER
Page - 4

with the arbitrator's award can seek review of that decision in a court of law.

However, by agreeing to settle with the Port of Tacoma, Hoffman will extinguish any right he may otherwise have to bring a cause of action against the Port of Tacoma in relation to the accident that occurred on October 13, 2004. Thus, this Court's acceptance of the settlement will preclude future litigation between Hoffman and Port of Tacoma. This supports the Court's finding that the settlement is reasonable.

Factor 7: Any evidence of bad faith, collusion, or fraud. There is no allegation that Hoffman and Port of Tacoma are guilty of bad faith, collusion, or fraud in agreeing to the proposed settlement. This supports the Court finding that the settlement is reasonable.

Factor 9: The interests of the parties not being released. Tacoma Rail has a right of contribution against Port of Tacoma only if the Court finds that there is joint and several liability. *See* RCW 4.22.040 (1). If there is no joint and several liability in this case, Tacoma Rail, the non-released party, has no interest in whether the Court finds that the settlement is reasonable; Tacoma Rail will be liable to Hoffman only for the proportion of damages, if any, attributable to its actions. *See* RCW 4.22.070 (1). Thus, a finding that the settlement between Hoffman and Port of Tacoma is reasonable does not affect the amount Tacoma Rail will pay to Hoffman nor does it alter Tacoma Rail's inability to seek contribution from Port of Tacoma.

If there is joint and several liability, Tacoma Rail will lose its right to seek contribution against Port of Tacoma if the Court finds that the settlement is reasonable. *See* RCW 4.22.060 (2). However, Hoffman has agreed to offset any verdict against Tacoma Rail by $20,000.00, the amount of the settlement with Port of Tacoma. Since the parties have agreed to arbitrate this case, Hoffman's maximum recovery is $50,000.00. *See* RCW 7.06.020 (1). Thus, the maximum amount Tacoma Rail could be liable for is $30,000.00. Given that Hoffman's special damages are in excess of $25,000.00, it is not unreasonable for Tacoma Rail to *potentially* be liable for $30,000.00.

The Court expresses no opinion as to whether there is joint and several liability in this case because regardless of whether the Court finds that joint and several liability exists, the proposed settlement is reasonable. Given the evidence presented by the parties along with their motions, the Court finds a hearing on the reasonableness of the settlement is unnecessary. The Court GRANTS Plaintiff's Motion, finding that the proposed settlement between Hoffman and Port of Tacoma is reasonable. Tacoma Rail's claim against

Port of Tacoma for indemnity or contribution is dismissed, but Tacoma Rail retains its claim against Port of Tacoma for property damage.

DATED this 29th day of January, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE